IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOAQUIN LOPEZ CANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09CV321 |
| | ) | 1:05CR354-4 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Joaquin Lopez Cano, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 498.)[1] Petitioner was indicted as part of a multi-defendant conspiracy to distribute cocaine hydrochloride and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (Docket No. 1.) He later pled guilty to that charge (docket nos. 206, 207) before being sentenced to the statutory mandatory minimum of 120 months of imprisonment. (Docket No. 375.) Petitioner then pursued an unsuccessful appeal (docket nos. 426, 431) prior to filing his current motion under § 2255. Respondent has filed a motion to dismiss Petitioner's motion for being time barred. (Docket No. 502.) Petitioner has filed a response (docket no. 506), and the parties' motions are before the Court for decision.

---

[1]This and all further cites to the record are to the criminal case.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which was denied by the Fourth Circuit, but did not seek certiorari. The appeal was denied on October 12, 2007. Respondent concludes, and Petitioner does not dispute, that the time for Petitioner to seek certiorari, plus the additional one year under AEDPA, meant that Petitioner's § 2255 motion was due on or before January 11, 2009. His motion, which is dated as being signed on April 27, 2009, was docketed in this Court on April 30,

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

2009. Therefore, it was filed more than three months out of time. Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at the time of his sentencing. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not deny any of the analysis set out above. However, he does contend that his motion should be deemed timely filed because of his limited ability to read and write in any language and his inability to understand English. Petitioner contends that these difficulties prevented him from knowing that

-3-

Case 1:05-cr-00354-JAB   Document 508   Filed 10/22/09   Page 3 of 8

his appeal had failed. He states that he believed, due to misinterpretations of letters sent from his attorney, that his appeal was still pending in some form until shortly before he filed his § 2255 motion.

Petitioner's argument appears to be one for equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000); <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Harris</u>, 209 F.3d 325; <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See <u>Smith v. McGinnis</u>, 208 F.3d 13 (2d Cir. 2000).

Some courts have been willing to entertain the idea that an inability to speak English can entitle a petitioner to equitable tolling, at least where the prisoner is diligent in trying to mitigate his language deficiency or where he has been denied all access to an interpreter or Spanish-language legal materials. See <u>Diaz v. Kelly</u>, 515 F.3d 149 (2d Cir. 2008); <u>Mendoza v. Carey</u>, 449 F.3d 1065 (9th Cir. 2006). Others have rejected this or similar arguments. See <u>Yang v. Archuleta</u>, 525 F.3d 925, 929 (10th Cir.

2008)(not speaking English not a basis for equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999)(illiteracy not a basis for equitable tolling). Neither party cites any binding authority on this point. However, even in courts that might allow it, a petitioner must make a sufficient showing of diligence and a lack of resources. For instance, where a prisoner claims a lack of personnel who can translate within the prison, but does not claim to have attempted to contact persons outside the prison to assist him, rejection of an equitable tolling request is proper. <u>Diaz</u>, 515 F.3d at 154.

Here, Petitioner has made no allegation that translators or Spanish-language materials are not available to him. More importantly, he does not detail his efforts to find a translator who would be able to help him understand his case. At some point after his time to file had run, Petitioner was able to receive help from a fellow prisoner working in the law library where he is housed. It is this person who has prepared at least some of his pleadings in this matter. (Docket No. 506.) Petitioner does not explain why he could not or did not seek this person out sooner. It appears that Petitioner instead chose to rely on a friend who misinterpreted his attorney's letters. (<u>Id.</u>)

Overall, Petitioner has not shown that he was diligent in attempting to overcome his language difficulties. In April of 2009 and at all times since, he has been able to file and fully pursue his § 2255 motion. He has not alleged or shown why he could not have done this within the time allowed under AEDPA by exercising

-5-

Case 1:05-cr-00354-JAB   Document 508   Filed 10/22/09   Page 5 of 8

due diligence. Therefore, he is not entitled to equitable tolling and his motion is untimely. Respondent's motion to dismiss should be granted.

It is also worth noting that, as Respondent points out, Petitioner's § 2255 motion must be denied even if considered on its merits. The motion raises only a single claim for relief, which alleges ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Petitioner claims that counsel was ineffective because he did not "demonstrate to the district court" that Petitioner's sentencing level under the United States Sentencing Guidelines

-6-

should not be increased based on a handgun found in his house. He maintains that counsel should have shown that it was clearly improbable that the gun was possessed during, or in connection with, the drug conspiracy.

Unfortunately for Petitioner, the record reveals that counsel objected to the two-level increase based on the gun, argued the point at length at sentencing, and pursued the issue on appeal. He simply lost for the reasons set out in detail by both the sentencing judge and the Fourth Circuit. (Docket Nos. 389, 426.) Petitioner cannot succeed on an ineffective assistance of counsel claim simply because his attorney did not win. Here, Petitioner has not specifically pointed to anything more that counsel could have done. He does make general reference to investigating the matter further and offering evidence, but has provided nothing to show that more investigation would have produced a different result. Petitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis.

Petitioner also appears to raise two further claims in his briefs. One is that the sentencing judge erred by finding that the two-level enhancement applied. This issue was already raised and rejected on appeal. It cannot be relitigated in a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Also, Petitioner is claiming that the sentencing judge erred in not applying the "safety valve" provision which would have allowed a sentence below 120 months. As was discussed at sentencing, the

application of the firearm enhancement also meant that the safety valve provision could not apply.  (Docket No. 389 at 25-26.) Therefore, it was not error to refuse to reduce Petitioner's sentence under that provision.  This was also noted in the decision denying his appeal.  (Docket No. 426 at 3-4.)  For all of these reasons, Petitioner's motion should alternatively be denied on its merits.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 502) be granted, that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 498) be **DISMISSED** for being time-barred and, alternatively, be **DENIED** on its merits, and that Judgment be entered dismissing this action.

      /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

October 22, 2009